IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tywrell Alston,<br><br>    Plaintiff,<br>v.<br><br>Marcus Rhodes, Beth Lawson,<br><br>    Defendants. | C/A No. 6:24-cv-07148-JFA<br><br>**ORDER** |

Tywrell Alston ("Plaintiff"), proceeding pro se, filed this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After performing an initial review of the Complaint, the Magistrate Judge assigned to this action notified Plaintiff of several deficiencies and gave him an opportunity to amend his pleadings. (ECF No. 5). After several extensions to the deadline, Plaintiff filed an Amended Complaint. (ECF No. 30). However, upon review of Plaintiff's Amended Complaint the Magistrate Judge determined the Amended Complaint was subject to summary dismissal. (ECF No. 35, p. 1). Accordingly, the Magistrate Judge issued a second order providing Plaintiff an opportunity to amend his pleadings. (ECF No. 31). Plaintiff failed to file a second amended complaint or otherwise respond.

Thereafter, the Magistrate Judge conducted a review of the Amended Complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub.

L. No. 104-134, 110 Stat. 1321 (1996), including 28 U.S.C. § 1915 and 28 U.S.C. § 1915A, and prepared a thorough Report and Recommendation[1] ("Report"). (ECF No. 35). Within the Report, the Magistrate Judge opines that this action is subject to dismissal pursuant to Fed. R. Civ. P. 41(b) for failure to comply with a court order. *Id.* at 9. Further, the Report recommends this Court decline to exercise supplemental jurisdiction over the state law claims Plaintiff appears to assert in his Amended Complaint. *Id.* at 10. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff was advised of his right to object to the Report, which was entered on the docket on July 22, 2025. *Id.* The Magistrate Judge required Plaintiff to file objections by August 5, 2025. *Id.* Plaintiff failed to file any objections and the time for doing so has elapsed. Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

Here, Plaintiff has failed to raise any objections and therefore this Court is not required to give an explanation for adopting the recommendation. A review of the Report and prior orders indicates that the Magistrate Judge correctly concluded that Plaintiff's Complaint and Amended Complaint were subject to summary dismissal. Accordingly, because Plaintiff failed to comply with the Magistrate Judge's order to amend his pleadings the Report correctly concludes the action should be dismissed pursuant to Rule 41.

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 35). Consequently, Plaintiff's constitutional claims are dismissed with prejudice without further leave to amend, and without issuance and service of process for failure to comply with court orders. Accordingly, this Court declines to exercise supplemental jurisdiction over the state law claims Plaintiff appears to assert in his Amended Complaint.

IT IS SO ORDERED.

October 8, 2025
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge